**No. 26-4392**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Appellee*

*v.*

THOMAS C. GOLDSTEIN,

*Appellant*.

On Appeal from the United States District Court
for the District of Maryland (No. 1:25-cr-00006-LKG)
The Honorable Lydia K. Griggsby

## DEFENDANT-APPELLANT THOMAS C. GOLDSTEIN'S OPPOSED MOTION FOR EXPANDED WORD LIMITS

This appeal arises from a factually and legally complex prosecution spanning a nearly six-week jury trial and will present multiple novel and important legal issues. To enable the parties to adequately address these complex issues, Defendant-Appellant Thomas C. Goldstein respectfully moves to expand the word limits set forth in Federal Rule of Appellate Procedure 32(a)(7)(B) as follows: 18,000 words for the Opening Brief, 18,000 words for the Answering Brief, and 9,000 words for the Reply Brief. Because Mr. Goldstein intends to file the Opening Brief well in advance of the September 29, 2026, deadline, he respectfully requests expedited disposition of this motion.

The United States opposes this motion.

**1.** This Court's Rule 32(b) provides that no brief may "exceed the length limitations [set forth in FRAP 32(a)(7)] without the Court's advance permission," which will be given "for exceptional reasons." Such reasons exist here.

**2.** The trial below was lengthy and complicated. Over the course of six weeks, the parties introduced 449 exhibits into evidence, called 39 witnesses, litigated countless objections, and generated more than 5,000 pages of transcripts. The parties also briefed and argued dozens of motions, including motions *in limine*, motions regarding the jury instructions, and an 80-page Motion for Judgment of Acquittal, or, in the Alternative, New Trial. Given the size and density of the record, an expanded word limit is required to ensure that the parties will have adequate space to address the numerous issues that this appeal will present.

**3.** In light of the district court's numerous rulings on contested objections and motions, Mr. Goldstein anticipates raising several substantial issues. These include but are not limited to the following:

**a.** Mr. Goldstein intends to argue that the district court violated due process by allowing the government to pursue an accessory liability theory under 18 U.S.C. § 2 without instructing the jury on the elements of accessory liability. *See* Mot. for Release Pending Appeal at 9-16 (Aug. 18, 2026), Dkt. 10. To prevail on this issue, Mr. Goldstein will have to provide the factual context for the government's decision to pursue an accessory liability theory, including a summary

of the government's extensive evidence regarding the participation of third parties in the alleged offenses. Mr. Goldstein will also have to provide a detailed analysis of the jury instructions and this Court's precedents addressing the underlying due process principles at issue.

**b.** Relatedly, Mr. Goldstein intends to argue that the district court's substantive amendment to the jury instructions after closing argument violated Federal Rule of Criminal Procedure 30(b). *See* Mot. for Release Pending Appeal at 16-18 (Aug. 18, 2026), Dkt. 10. To prevail on this issue, Mr. Goldstein will have to explain how the defense's closing argument would have changed in light of the amended instructions, which will require providing extensive contextual details about the key factual and legal issues that emerged during the trial.

**c.** Separate from the instructional issues, Mr. Goldstein intends to argue that the district court incorrectly excluded text messages that he offered to establish his state of mind and beliefs regarding his 2016 poker income. *See* Mot. for Judgment of Acquittal, or, in the Alternative, New Trial at 43-52 (Mar. 24, 2026), D. Ct. Dkt. 487. To prevail on this issue, Mr. Goldstein will have to provide the factual context surrounding the text messages, including a lengthy description of his 2016 poker activities and the events that preceded and followed them. Mr. Goldstein will also need to provide a detailed explanation of the government's state-of-mind

theory and an analysis of this Court's precedents addressing the admission of out-of-court statements to establish a party's state of mind.

**d.** It will not be possible to properly and thoroughly address those three issues in the standard allotments for briefing. And Mr. Goldstein may also raise several other issues, including but not limited to an argument that the government violated *Brady v. Maryland*, 373 U.S. 38 (1963).

**4.** Mr. Goldstein therefore respectfully requests that the word limits on the briefs be expanded as follows:

- Opening Brief – 18,000 words
- Answering Brief – 18,000 words
- Reply Brief – 9,000 words

This allotment would provide equivalent increases to both parties, thus ensuring that neither party is unfairly advantaged or disadvantaged by the word limits.

**5.** This Court routinely grants similar requests in complex cases comparable to this one, including in *United States v. McComber*, wherein this Court granted the defendant 18,000 words for her Opening Brief in an appeal of a 16-day False Claims Act trial involving 23 witnesses and 125 exhibits. *See* No. 24-4376 (4th Cir. Dec. 12, 2024); *see also, e.g.*, *United States v. Jiang*, No. 25-4382 (4th Cir. Jan. 22, 2026) (order granting 16,000 words for Opening Brief in case where trial lasted only 4 days, involving 9 witnesses and over 150 exhibits); *United States v.*

*Laffitte*, No. 23-4509 (4th Cir. Mar. 21, 2024) (order granting 26,500 words for government's cross-appeal brief in case where trial lasted only 9 days, involving 24 witnesses and 300 exhibits); *United States v. Jackson*, No. 23-4467 (4th Cir. Mar. 1, 2024) (order granting 16,000 words for Opening Brief in case involving "a three-week trial and a large number of trial exhibits"); *United States v. McDonnell*, No. 15-4019 (4th Cir. Feb. 2, 2015) (order granting 21,000 words in factually and legally complex honest services fraud case); *United States v. Fields*, No. 13-04711 (4th Cir. August 4, 2014) (order granting 21,000 words in factually and legally complex bank fraud conspiracy case); *United States v. Jordan*, No. 12-04825 (4th Cir. June 21, 2013) (order granting 27,005 words in appeal presenting issue of first impression in factually complex case); *United States v. McLean*, No. 11-05130 (4th Cir. May 22, 2012) (order granting 18,000 words in appeal of health care fraud prosecution spanning two weeks and generating 3,000 pages of transcripts). Mr. Goldstein submits that, as in those cases, additional space will allow the parties to properly and thoroughly address the complex issues in this appeal and thus be of maximum assistance to the Court in adjudicating it.

Dated: August 25, 2026

Respectfully submitted,

<u>*/s/ Elizabeth B. Prelogar*</u>

Elizabeth B. Prelogar
Andrew D. Goldstein
Ephraim A. McDowell
Elias S. Kim
Jade Ford
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
(202) 842-7800
eprelogar@cooley.com

*Counsel for Defendant-Appellant Thomas C. Goldstein*

Jonathan Kravis
LIU SHUR KRAVIS LLP
607 Fourteenth Street, NW
Suite 625
Washington, DC 20005
(202) 240-7100
jonathan.kravis@lskllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar

## CERTIFICATE OF COMPLIANCE

I certify that:

1. This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it consists of 999 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced, serif typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar