**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee**

**v.**

**No. 26-4392**

**THOMAS C. GOLDSTEIN,**

**Defendant-Appellant**

# UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR EXPANDED WORD LIMITS

Thomas Goldstein's request for 18,000-word briefs should be denied. Briefs at the normal maximum of 13,000 words suffice for this single-defendant, four-issue appeal.

This Court "encourages short, concise briefs." Local Rule 32(b). Motions for more words "are not favored," and require "exceptional reasons." *Ibid.* Goldstein's request falls short.

Goldstein is correct that this case involves a significant record, but his reference (Mtn. 2) to a six-week trial overstates its length. Because of days off, the actual trial took 23 days, including jury selection and deliberations; the evidentiary phase lasted from day 4 to day 19. And

while Goldstein refers (Mtn. 2) to dozens of contested motions, his current motion shows that most will not be at issue on appeal.

And although a lengthy record takes time to review, length alone does not necessitate an oversized brief. As the motions practice on appeal already shows, the ordinary limits suffice. In the recently filed motion and response on Goldstein's request for release pending appeal, both parties addressed Goldstein's two lead issues (Mtn. 2-3) – both regarding the deletion of a jury instruction – plus the issues of flight risk and dangerousness, in just over 5,000 words each. Even assuming Goldstein's merits brief discusses his jury instruction claims in more detail, the latter two issues will be irrelevant, so 5,000 words remains a good estimate. Moreover, the release motion is being litigated on a tight schedule; with more time, one can expect sharper, more focused writing at the merits stage.

Goldstein mentions (Mtn. 3-4) only two other issues, regarding the exclusion of text messages and a *Brady* claim. Both issues will no doubt require some factual context, but they remain relatively discrete issues, readily handled in the 8,000 words left after the lead issues.

It is also notable what Goldstein does not plan to raise. In particular, he does not mention a sufficiency-of-the-evidence challenge to any of the charges, much less all of them. Such challenges are typically the ones requiring a more extensive factual discussion. Goldstein gestures generally (Mtn. 4) to "several other issues," but that generic assertion does not justify his request. *See also Smith v. Murray*, 477 U.S. 527, 536 (1986) (winnowing out weaker claims is the "hallmark of effective appellate advocacy").

Nor do the cases that Goldstein cites (Mtn. 4-5) support his request. All the cases involved a sufficiency challenge, almost all the motions for excess words were unopposed, and several of the cases involved multiple defendants. Only *United States v. McComber*, No. 24-4376 (4th Cir. Dec. 12, 2024), involved a contested motion, but that case involved, among other issues, a sufficiency claim. And the Court significantly cut back that defendant's request of 26,000 words to 18,000 words.

In a similar vein, it is not clear that Goldstein truly believes his request for 18,000 words is necessary. When seeking the government's

position, Goldstein asked for only 16,000 words, choosing to increase the stakes after the government opposed.

Thirteen thousand words is not the default size of a brief – it is the general upper limit for one. Most cases do not require the full word limit – or anywhere close. With its lengthy record, this case likely justifies all 13,000 words. But Goldstein does not present a sufficient basis to believe that more is needed. The parties can and should hone their briefs to succinctly present the issues to this Court.

For these reasons, this Court should deny Goldstein's motion.

Respectfully submitted,


COLIN M. MCDONALD
*Assistant Attorney General*
*National Fraud Enforcement Division*

s/ Jason Poole

| | |
|---|---|
| KATIE BAGLEY | (202) 598-3298 |
| JOSEPH B. SYVERSON | (202) 598-5861 |
| JASON POOLE | (202) 532-3706 |

*Attorneys, Appellate Section*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, D.C. 20530-0001*

*Of Counsel:*
KELLY O. HAYES
*United States Attorney*


DATED: August 28, 2026

## CERTIFICATE OF COMPLIANCE

This response complies with the length limitation of Federal Rule of Appellate Procedure 27(d)(2) because it is 577 words in length, excluding the parts excluded under Rule 32(f).

This response complies with the typeface and type-style requirements of Rule 27(d)(1)(E) because it has been prepared in a 14-point, proportionally spaced typeface (Century Schoolbook) using Word for Microsoft 365.

s/ Jason Poole
JASON POOLE
*Attorney for the United States*

DATED: August 28, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Counsel for defendant are all registered ECF users and will be served by the ECF system.

s/ Jason Poole
JASON POOLE
*Attorney for the United States*

DATED: August 28, 2026