**No. 26-4392**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

THOMAS C. GOLDSTEIN,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Maryland (No. 1:25-cr-00006-LKG)
The Honorable Lydia K. Griggsby

## DEFENDANT-APPELLANT THOMAS C. GOLDSTEIN'S OPPOSITION TO APPELLEE'S MOTION FOR EXTENSION OF TIME

Defendant-Appellant Thomas C. Goldstein respectfully opposes the government's motion to extend the time for filing its response brief from 21 days to 51 days. *See* Dkt. No. 50 ("Mot."). Under this Court's Rules, briefing extensions "will be granted only when extraordinary circumstances exist." Loc. R. 31(c). The government never acknowledges that standard—let alone explains how it can meet that bar. It cannot. The government has had ample time to prepare its brief, and the routine "press of other appellate matters" and "previously scheduled" travel, Mot. 2-3, are far from "extraordinary circumstances," Loc. R. 31(c).

More than doubling the default briefing timeline would also inflict serious prejudice. Goldstein is currently in custody. Every additional day of delay is another

day Goldstein must serve a sentence that will no longer stand once this Court corrects the district court's errors. Granting the government's request would unduly prolong that injustice.

1. The government has had more than sufficient time to prepare its response brief. This Court's rules governing criminal cases provide appellees 21 days after service of the opening brief to file a response. Loc. R. 31(a). The government regularly meets that deadline without issue. And the government itself recently argued that "ordinary limits suffice" for this "single-defendant" appeal, involving no "sufficiency-of-the-evidence challenge." Dkt. No. 30, at 1-3. It made that argument in opposing Goldstein's request for an expanded word limit, *see id.*, and this Court agreed with the government, Dkt. No. 47.

2. What is more, the government has already had nearly double the default amount of time to prepare its response brief. That is because Goldstein originally submitted his opening brief 19 days before the deadline. *See* Dkt. Nos. 22, 37. This Court subsequently denied Goldstein's motion for an expanded word limit, and Goldstein refiled his brief on September 29, 2026. Dkt. No. 49. But that brief is nearly 5,000 words shorter than its original form—giving the government less, not more, to contend with in its response brief. The government has thus already had 19 additional days, on top of the default 21, to prepare its response.

3. Opposing counsel also drafted the response to Goldstein's motion for release pending appeal and so has already substantively engaged with two of the four principal issues raised in this appeal: the district court's due process and Rule 30(b) instructional errors. *See* Dkt. No. 23. And the government briefed and argued the third and fourth issues—regarding its *Brady* violation and the district court's exclusion of evidence on hearsay grounds—extensively before the district court. *See* JA0012-15; JA3276-3283; JA4983-4991; JA5072-5190. Against that backdrop, the government cannot credibly argue it requires an additional 30 days beyond the default 21—plus the 19 days of advance notice it has already had—to prepare its response on the merits.

4. The reasons provided by the government fall well short of the "extraordinary circumstances" required by this Court's rules to justify an extension. Loc. R. 31(c). The government bases its extension request on "the press of other appellate matters," one attorney's 10-day leave with "travel arrangements previously booked," and the time for "review" by other attorneys within DOJ. Mot. 2-3. None of those circumstances is "extraordinary." Loc. R. 31(c). Nor does the government explain why other DOJ attorneys could not assist with preparing the response brief.

5. The government also nowhere asserts that this case presents "extraordinary circumstances" because of the difficulty posed by briefing the issues on appeal. Loc. R. 31(c). And any such claim would run counter to its previous

positions. Indeed, the government's complaint that the record here is "lengthy" and "dense," Mot. 2, contradicts its prior suggestion that this appeal will not "requir[e] a more extensive factual" analysis than is typical, Dkt. No. 30, at 3.

6. Finally, holding the government to its burden to show "extraordinary circumstances" to justify an extension is all the more important in criminal cases where, as here, the defendant remains in custody and reversal would require a retrial on all counts. Loc. R. 31(c). In those circumstances, further delay causes immense prejudice to the defendant—prolonging incarceration for a sentence that may no longer stand post-appeal. *See, e.g.*, *United States v. Harris*, 942 F.2d 1125, 1135 n.7 (7th Cir. 1991) (recognizing the "injustice" of forcing a defendant to serve a sentence for convictions that are later reversed on appeal). Although this Court denied Goldstein's motion for release pending appeal, there is no sound basis to extend the period of Goldstein's incarceration by granting an extension motion that does not even attempt to satisfy the governing standard.

7. The government's effort to minimize the prejudice to Goldstein by arguing that Goldstein requested a January argument date only underscores the weakness of its position. *See* Mot. 4-5. The government opposed that request, and this Court denied it. *See* Dkt. Nos. 39, 47. As a result, there is no reason to believe extensions to the briefing deadlines will not push back the date on which this case is

scheduled for argument—and thus prolong the period Goldstein will serve a sentence that may not survive appellate review.

8. The government's requested extension would also prejudice Goldstein's counsel. If this Court grants the government's request, Goldstein will have 10 days from November 19, 2026, to November 29, 2026, to file his reply. *See* Loc. R. 31(a). Counsel for Goldstein have significant competing commitments around that time period, including preparation for a Supreme Court argument on December 2, 2026, *see Grant v. Higgins*, No. 25-566 (U.S.), as well as briefing deadlines and additional argument dates, *see In re BMI OLDCO Incorporated Official Committee of Unsecured Creditors*, No. 26-20568 (5th Cir.) (reply brief due November 16, 2026, and oral argument currently scheduled for December 1, 2026); *In re Google Play Store Simulated Casino-Style Games Litigation*, No. 25-7916 (9th Cir.) (argument scheduled for November 17, 2026); *Official Committee of Talc Claimants v. Whittaker, Clark & Daniels Inc.*, No. 26-263 (U.S.) (reply in support of petition for certiorari due on November 24, 2026).[1]

9. For the foregoing reasons, this Court should deny the government's request. If the Court is nevertheless inclined to grant an extension, Goldstein submits that, at most, to avoid prejudice to counsel's competing work obligations,

[1] Goldstein's counsel additionally have pre-planned travel arrangements for the Thanksgiving holidays, which will fall within the 10-day timeline for Goldstein's reply should the Court grant the government's requested extension.

an extension of no more than one week, from October 20, 2026, to October 27, 2026, is warranted.

Dated: October 6, 2026

Respectfully submitted,

/s/ *Elizabeth B. Prelogar*
Elizabeth B. Prelogar
Andrew D. Goldstein
Ephraim A. McDowell
Elias S. Kim
Jade Ford
Sahar Atassi
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
(202) 842-7800
eprelogar@cooley.com

*Counsel for Defendant-Appellant Thomas C. Goldstein*

Jonathan Kravis
LIU SHUR KRAVIS LLP
607 Fourteenth Street, NW
Suite 625
Washington, DC 20005
(202) 240-7100
jonathan.kravis@lskllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar

**CERTIFICATE OF COMPLIANCE**

I certify that:

1. This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it consists of 1,328 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced, serif typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar